# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) The Board of Regents of University of Oklahoma,  Plaintiff, <br><br> v. <br><br> 2) Hugh Michael Glenn,  Defendant. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, the Board of Regents of the University of Oklahoma (the "Board of Regents"), for its complaint against defendant Hugh Michael Glenn ("Glenn"), alleges and state as follows:

### Parties and Personal Jurisdiction

1. The Board of Regents is the governing body of the University of Oklahoma, a doctoral degree-granting research university serving the educational, cultural, economic and health-care needs of the State of Oklahoma, the region and nation. The Board of Regents holds intellectual property rights on behalf of the University of Oklahoma and permits the use of these intellectual property rights by the University of Oklahoma and other designated licensees.

2. On information and belief, Glenn is a Texas resident with postal address of 15710 El Estado Drive, Unit 101, Dallas, TX 75248.

3. On information and belief, Glenn is using the domain name, *soonernetwork.com*, with bad faith intent to injure the Board of Regents' intellectual property.

## Subject Matter Jurisdiction and Venue

4. This action arises under the trademark laws of the United States (15 U.S.C. §§1051 et seq.), and more specifically under Section 43(a), (c) and (d) of the Lanham Act (15 U.S.C. §1125(a), (c), and (d)) for trademark infringement, dilution and cybersquatting.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

6. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

## Nature of Business and Trademarks Involved

7. The University of Oklahoma produces game day radio broadcasts and special programming which it syndicates on the "Oklahoma Sooner Radio Network," and which it brands with word mark SOONER SPORTS NETWORK and with the design mark listed below.



**Figure 1 – SOONER SPORTS NETWORK Design Mark**

The Oklahoma Sooner Ratio Network consists of 40 stations across Oklahoma and surrounding states.

    8.    The consuming public has come to know and often refers to the Oklahoma Sooner Radio Network as the "SOONER NETWORK." Indeed, the principal football play-by-play announcer of the Oklahoma Sooner Radio Network, the late Bob Barry, Sr., often referred to the network as the SOONER NETWORK during his broadcasts. Mr. Barry broadcast on the Oklahoma Sooner Radio Network from 1961 to 1972 and then again from 1991 to 2011.

    9.    The University of Oklahoma thereby has established and maintained common law trademark rights in the SOONER SPORTS NETWORK and SOONER NETWORK marks. These common law trademark rights are held by the Board of Regents.

10. The Board of Regents owns and maintains numerous federal trademark and service mark registrations in conjunction with its goods and services. These registrations include, but are not limited to, the following:

| Trademark | Reg. No. / Date | Goods /Services |
|---|---|---|
| SOONERS | 4186827 / 8-7-12 | jewelry, namely, rings, necklaces, earrings, bracelets, charms for jewelry; watches |
| SOONERS | 1334267 / 5-7-85 | Paper goods and printed material-namely, napkins, placemats, decals, writing paper, stationary type portfolios for writing paper, notebooks, playing cards and book covers |
| SOONERS | 3023659 / 12-6-05 | Housewares and glasses, namely, drinking glasses, mugs, cups, glass coasters, plastic water bottles sold empty, bottle openers and trash cans |
| SOONERS | 3041006 / 1-10-06 | Clothing and sports clothing apparel and outerwear, namely t-shirts, shirts, sweaters, vests, sweat shirts, jackets, pants, sweatpants, shorts, hats, caps, visors and footwear |
| SOONERS | 1378252 / 11-14-86 | Fancy goods-namely, belt buckles, chains, rings, earrings, pendants, ornamental pins and emblems of non-precious metals |
| SOONERS | 3100545 / 6-6-06 | Sporting goods, namely footballs, basketballs, soccer balls, baseballs, golf balls, golf tees, golf gloves, golf club head covers; Stuffed toy animals and puzzles |
| SOONERS | 1375141 / 12-10-85 | Educational Services-namely, providing courses of instruction at the college level; entertainment services-namely, providing intercollegiate sports exhibitions; fine art and theater productions; concerts and lectures |
| BOOMER SOONER | 3093031/ 5-16-06 | Clothing and sports clothing apparel and outerwear, namely t-shirts, shirts, sweaters, vests, sweat shirts, jackets, pants, sweatpants, shorts, hats, caps, visors and footwear |
| BOOMER SOONER | 3100549 / 6-6-06 | Entertainment services, namely collegiate sporting events |
| SOONERS (wagon design) | 1334266 / 5-7-85 | Paper goods and printed material-namely, napkins, decals, writing paper, stationary type portfolios for writing paper, notebooks, and playing cards |
| SOONERS (wagon design) | 1366735 / 10-22-85 | Housewares and glass, namely, drinking glasses, mugs, and cups |
| SOONERS (wagon design) | 1379634 / 1-21-86 | Educational services-namely providing courses of instruction at the collegiate level; entertainment services-namely, providing intercollegiate sports exhibitions; fine art and theater productions; concerts and lectures |
| OKLAHOMA SOONERS | 3071146 / 3-21-06 | Entertainment services, namely collegiate sporting events |

4

| Trademark | Reg. No. / Date | Goods /Services |
|---|---|---|
| SOONER | 3093014 / 5-16-06 | Clothing and sports clothing apparel and outerwear, namely t-shirts, shirts, sweaters, vests, sweat shirts, jackets, pants, sweatpants, shorts, hats, caps, visors and footwear |
| SOONER MAGIC | 3156987 / 10-17-06 | Fan club Entertainment services, namely collegiate sporting events |
| SOONERSPORTS.COM | 3041815 / 1-10-06 | Providing on-line information and news in the field of college sports |
| SOONER NATION | 3932539 / 3-15-11 | Class 21 – housewares and glasses, namely, drinking glasses, mugs, cups, glass coasters, plastic water bottles sold empty, bottle openers and trash cans<br>Class 25 – clothing and sports clothing apparel and outerwear, namely, t-shirts, shirts, sweatshirts, sweatpants, shorts, hats, caps, and visors<br>Class 28 – Class deleted when filing Statement of Use<br>Class 41 – entertainment services, namely, collegiate sporting events |
| SOONER NATION | 3863350 / 10-19-10 | student incentive award program to promote attendance at school activities |
| [SOONER NATION logo] | 3932540 / 3-15-11 | Class 21 – housewares and glasses, namely, drinking glasses, mugs, cups, glass coasters, plastic water bottles sold empty, bottle openers and trash cans<br>Class 25 – clothing and sports clothing, apparel and outerwear, namely, t-shirts, shirts, sweatshirts, sweatpants, shorts, hats, caps, and visors<br>Class 41 – entertainment services, namely, collegiate sporting events |

Copies of these trademarks registrations are attached as Exhibit 1. The common law marks and federal registrations are collectively referred to hereinafter as the "Sooner Marks".

11.   The University of Oklahoma holds a number of domain name registrations and operates a website at the *soonersports.com* domain name that promotes its SOONER SPORTS NETWORK brand and mark.

12.   The University of Oklahoma has invested substantial time, money and effort in extensively and continuously marketing, advertising, and promoting the Sooner Marks and the goods and services identified by the Sooner Marks. As a result, the Sooner Marks

5

distinguish the University of Oklahoma's goods and services from those of other institutions and the consuming public has come to associate the Sooner Marks with the Board of Regents and the University of Oklahoma as the sources and sponsor of their goods and services. The use of the Sooner Marks by the University of Oklahoma inures to the benefit of Board of Regents.

13.  As a result of the University of Oklahoma's extensive use and promotion of the Sooner Marks, the Board of Regents has established and now enjoys substantial goodwill in the Sooner Marks.

14.  Due to the extensive use and registration of the Sooner Marks, the Sooner Marks have become famous under the laws of the United States.

15.  A number of the Sooner Marks are incontestable pursuant to 15 U.S.C. §1065, and are conclusive evidence of the Board of Regents' right to use such marks in interstate commerce in the United States.

**Defendant's Improper Conduct**

16.  On information and belief, Defendant Glenn registered the *soonernetwork.com* domain name on June 16, 2010. A copy of the WHOIS record for the *soonernetwork.com* domain name is attached as Exhibit 2.

17.  Prior to September 17, 2012, the webpage at *soonernetwork.com* depicted a large silhouette of a longhorn with the following text:

> GO LONGHORNS!!!
>
> This domain is for sale.
>
> Contact 214-384-5737

A screenshot of the September 17, 2012 version of the webpage is shown in Figure 1.



**Figure 1 - September 17, 2012 Version of SoonerNetwork.com**

18.     On September 17, 2012, Plaintiff's counsel sent Defendant Glenn a letter alleging that Glenn had violated the Board of Regents' intellectual property rights under 15 U.S.C. § 1125(d), and demanding that, *inter alia*, he transfer the *soonernetwork.com* domain name to the Board of Regents. A true and accurate copy of Plaintiff's counsel September 17, 2012 letter is attached as Exhibit "3."

19.     Shortly after Defendant Glenn received the September 17, 2012 letter, the webpage at *soonernetwork.com* changed slightly to remove the text that stated that the

domain was for sale. A screenshot of the September 20, 2012 version of the webpage is shown below in Figure 2.



Figure 2 - September 20, 2012 version of SoonerNetwork.com

20. On information and belief, Defendant Glenn revised the webpage at *soonernetwork.com* to either hide evidence of his prior offer to sell the domain, or, for the purpose of avoiding civil litigation.

21. On or about September 25, 2012, the webpage at *soonernetwork.com* was again changed to remove any references to longhorns. Instead, the original text was substituted with the following message:

> SOONER NETWORK
>
> Please check back for upcoming announcement regarding "Sooner Network". Your online solution to finding elder care in Oklahoma.

A screenshot of the September 25, 2012 version of the webpage is shown in Figure 3.

8



**Figure 3 - September 25, 2012 Screenshot of SoonerNetwork.com**

22.     On information and belief, on or about October 25, 2012, the *soonernetwork.com* webpage was again modified by Defendant Glenn.  Now, the webpage advertises a business purportedly called the "Sooner Network" which alleges to be an "online solution to finding eldercare in Oklahoma."  Notably, the web page also indicates that the advertised services are "free" and that "Sooner Network does not charge the patient or their family."   A screenshot of the current version of the *soonernetwork.com* webpage is shown in Figure 4.



**Figure 4 - October 25, 2012 Version of SoonerNetwork.com**

23. On information and belief, Defendant's "Sooner Network" business is purely fictional, and was established solely to create the false impression that Defendant has a legitimate use for his *soonernetwork.com* domain name.

24. On information and belief, Defendant has no experience initiating, forming, managing or operating any type of elder care or health care business.

25. On information and belief, Defendant has not registered with any licensing authorities for the State of Oklahoma for the purpose of providing elder care services or health care services.

26. On information and belief, Defendant has not formed any corporation, limited liability company or other type of legal entity in connection with his alleged "Sooner Network" business.

27. The *soonernetwork.com* domain name is confusingly similar to the Sooner Marks.

28. On information and belief, Defendant Glenn uses the *soonernetwork.com* domain name to lure and divert Internet users searching for the Sooner Marks.

29. On information and belief, Defendant Glenn registered the *soonernetwork.com* domain name with the sole intent of selling the domain name for a profit. Defendant Glenn's webpages hosted at the *soonernetwork.com* domain name were intended to aggravate or otherwise cause harm with the intention of soliciting an offer from the Board of Regents to purchase the domain name from Defendant Glenn.

30. On information and belief, Defendant Glenn has exhibited a pattern of misusing computers and the Internet for improper and illegal purposes.

31. The Board of Regents has not authorized Defendant Glenn to use in any way, or register as part of any Internet domain name, any of the Sooner Marks.

## COUNT 1 – CYBERSQUATTING UNDER 15 U.S.C. § 1125(D).

32. The Board of Regents adopts and incorporates herein by reference the allegations contained in Paragraphs 1 through 31 above.

33. On information and belief, Defendant Glenn registered the *soonernetwork.com* domain name.

34. On information and belief, Defendant Glenn is the current registrant of the *soonernetwork.com* domain name.

35. On information and belief, Defendant Glenn purports to use the *soonernetwork.com* domain name in commerce.

36. The Sooner Marks were distinctive at the time Defendant Glenn registered the *soonernetwork.com* domain name.

37. The Sooner Marks were famous at the time Defendant Glenn registered the *soonernetwork.com* domain name.

38. The *soonernetwork.com* domain name is identical to, or confusingly similar to, the famous and distinctive Sooner Marks.

39. Defendant Glenn has not made any *bona fide* offering of goods or services under the *soonernetwork.com* domain name.

40. Defendant Glenn has not made any *bona fide* fair use of the Sooner Marks on the *soonernetwork.com* domain name.

41. Defendant Glenn registered, traffics or uses the *soonernetwork.com* domain name with the bad faith intent to profit from the registration, trafficking or use of the *soonernetwork.com* domain name.

42. Defendant Glenn does not have any intellectual property rights in the Sooner Marks. Plaintiff has not authorized Defendant Glenn to use the Sooner Marks.

43. The *soonernetwork.com* domain name does not consist of the legal name of Defendant Glenn or a name that is commonly used to refer to Defendant Glenn.

44. Defendant Glenn initially registered the *soonernetwork.com* domain name with intent of selling it for profit.

45. Defendant Glenn uses the *soonernetwork.com* domain name to falsely advertise a non-existent business.

46. The Sooner Marks are famous within the meaning of subsection 15 U.S.C. § 1125(c)(1).

47. Defendant Glenn's registration and use of the *soonernetwork.com* domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling the Board of Regents to relief.

48. By reason of Defendant Glenn's actions herein, the Board of Regents' remedy at law is not adequate to compensate it for the injuries inflicted by Defendant Glenn. Accordingly, the Board of Regents is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

49. On information and belief, Defendant Glenn's actions alleged herein are willful and malicious, and intended to injure and cause harm to the Board of Regents.

50. By reason of Defendant Glenn's actions alleged herein, the Board of Regents is entitled to recover Defendant Glenn's profits (to the extent they exist), actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiff, in an amount of one-hundred thousand dollars ($100,000.00).

### COUNT 2 - TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)

51. The Board of Regents adopts and incorporates herein by reference the allegations contained in Paragraphs 1 through 50 inclusive.

52. This is a claim under the laws of the United States, specifically § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) for Defendant Glenn's wrongful use of the Sooner Marks in interstate commerce, causing dilution of the distinctive quality of the famous Sooner Marks. The Sooner Marks became famous before Defendant Glenn began using the Sooner Marks, and before Defendant Glenn registered the *soonernetwork.com* domain name.

53. Defendant Glenn's use of "Sooner Network" is likely to dilute the distinctive quality of the famous Sooner Marks, thereby causing damage to the Board of Regents, all in violation of 15 U.S.C. § 1125(c). The injury to the Board of Regents is irreparable and, therefore, Defendant's conduct should be restrained and enjoined by this Court.

## COUNT 3 – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114.

54. The Board of Regents adopts and incorporates herein by reference the allegations contained in Paragraphs 1 through 53 inclusive.

55. This is a claim under the laws of the United States, specifically § 32 of the Lanham Act (15 U.S.C. § 1114 et seq.) for Defendant Glenn's wrongful use of "Sooner Network" in interstate commerce, which infringes the Sooner Marks. Defendant Glenn, by his conduct described herein, is using in interstate commerce a reproduction, counterfeit, copy, or colorable imitation of the Sooner Marks in connection with the sale, offering for sale, distribution, or advertising of goods and services under circumstances that are likely to cause confusion, or to cause mistake, or to deceive, all in violation of 15 U.S.C. § 1114(1)(a).

56. Defendant Glenn, by his conduct described herein, has reproduced, counterfeited, copied, or colorably imitated the Sooner Marks and has used such reproductions, counterfeits, copies, or colorable imitations of the Sooner Marks in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services under circumstances that are likely to cause confusion, or to cause mistake, or to deceive, all in violation of 15 U.S.C. § 1114(1)(b).

57. On information and belief, Defendant Glenn's conduct has injured the Board of Regents and the goodwill associated with the Sooner Marks, has resulted in profits that unjustly enriched Defendant Glenn, and has caused other damage to be proven at trial.

58. Defendant Glenn's conduct has caused and will continue to cause irreparable injury to the Board of Regents unless Defendant Glenn's conduct is permanently restrained and enjoined by this Court.

### COUNT 4 - UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

59. The Board of Regents adopts and incorporates herein by reference the allegations contained in Paragraphs 1 through 58 inclusive.

60. This is a claim under the laws of the United States, specifically § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for Defendant Glenn's wrongful use of "Sooner Network" in interstate commerce in connection with the alleged advertising, distribution, and sale of Defendant Glenn's purported goods and services. Such wrongful use by Defendant Glenn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Glenn with the Board of Regents, or as to the origin, sponsorship, or approval by the Board of Regents of Defendant Glenn or his purported goods and services or commercial activities.

61. Defendant Glenn's acts alleged herein constitute a false designation of origin and a false or misleading description and misrepresentation of fact in violation of 15 U.S.C. §1125(a). Defendant Glenn's acts have injured the Board of Regents and will continue to cause irreparable injury unless restrained, and have resulted in unlawful profits to Defendant Glenn, all in an amount to be proven at trial.

## COUNT 5 - COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

62.     The Board of Regents adopts and incorporates herein by reference the allegations contained in Paragraphs 1 through 61 inclusive.

63.     Based upon the Board of Regents' superior common law rights in and to the Sooner Marks, Defendant Glenn's use of "Sooner Network" is confusingly similar to the Sooner Marks.  Based upon Board of Regents' superior common law rights, Defendant Glenn's alleged continued advertisement, distribution, and use of "Sooner Network" in association with Defendant Glenn's purported goods and services or commercial activities is likely to cause confusion, deception, or mistake regarding whether the Board of Regents has sponsored, approved, or endorsed Defendant Glenn's use of "Sooner Network" or whether Defendant Glenn is affiliated with the Board of Regents.

64.     Defendant Glenn's acts has injured the Board of Regents and will continue to cause irreparable injury unless restrained, and have resulted in unlawful profits to Defendant Glenn, all in amounts to be proven at trial.

## AWARD OF ATTORNEY'S FEES

65.     This is an exceptional case making the Board of Regents eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

66.     WHEREFORE, the Board of Regents requests that judgment be entered in its favor and against Defendant Glenn as indicated below:

A. that Defendant Glenn has infringed the Board of Regents' rights in the Sooner Marks in violation of 15 U.S.C. § 1115(d);

B. that Defendant Glenn, his agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them be preliminarily and permanently enjoined from cybersquatting, infringing or diluting the Sooner Marks;

C. that Defendant Glenn be preliminarily and permanently enjoined from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs A and B above;

D. that Defendant Glenn be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by the Board of Regents, in an amount of one-hundred thousand dollars ($100,000.00);

E. that Defendant Glenn be ordered to account to the Board of Regents for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above;

F. that Defendant Glenn be ordered to transfer to the Board of Regents the *soonernetwork.com* domain name, but otherwise preliminarily and permanently enjoined from transferring the *soonernetwork.com* domain name;

G. that the Board of Regents be awarded their respective costs of suit, including reasonable attorneys' fees, and prejudgment and post judgment interest, pursuant to 15 U.S.C. §1117(a); and

    H.  that the Board of Regents be awarded such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

                                       Respectfully submitted,

                                       s/ Drew T. Palmer
                                       David M. Sullivan, OBA No. 18851
                                       Drew T. Palmer, OBA No. 21317

                                       -Of the Firm-

                                     Crowe & Dunlevy, P.C.
                                     20 North Broadway, Suite 1800
                                     Oklahoma City, OK 73102
                                     (p) 405-235-7700
                                     (f) 405-272-5926
                                     *david.sullivan@crowedunlevy.com*
                                     *drew.palmer@crowedunlevy.com*